

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 24, 1962

Honorable Dwayne A. Overstreet
County Attorney
Hardin County Courthouse
Kountze, Texas

Opinion No. WW-1339

Re: Whether an official or
worker at the polls in a
primary election may be
permitted to leave the
polling place for the pur-
pose of eating or for
other purposes, and upon
return continue their
duties at the polls.

Dear Mr. Overstreet:

Your letter requesting an opinion reads as follows:

"This office has been requested to
furnish to the election judges in this
County an opinion concerning whether or
not an official or worker at the polls in
the Democratic Primary may be permitted
to leave the polls for the purpose of
eating or any other purpose and returning
to the polls and continuing their duty.

"May the counters of the absentee votes
in the Democratic Primary be permitted to
leave the place of counting in order that
they may vote at their regular voting place?

"Question Number One arose as the re-
sult of certain workers at the Democratic
Primary place of polling in Kountze, Texas
on May 5, 1962, being permitted to leave the
polls and go down town to eat lunch, this
having been done in a prudent manner and
the election process not having been either
stopped or delayed.

"Question Number Two arose as a result
of four persons who were counting absen-
tee ballots at the Office of the County
Clerk of Hardin County, Texas, not being
allowed to go to the Kountze box at the
place of polling, which was their proper
place to vote.  They were denied the right

> to leave the place of counting of the
> absentee ballots and were, therefore,
> denied the right to vote on the day of
> the election."

Article 13.05, Texas Election Code, reads as follows:

> "All the precinct primary elections
> of a party shall be conducted by a pre-
> siding judge, to be appointed by a chair-
> man of the county executive committee of
> the party, with the assistance and approval
> of at least a majority of the members of
> the county executive committee.  Such pre-
> siding judge shall select an associate
> judge and a clerk to assist in conducting
> the election; additional clerks may be
> appointed under such rules as may be
> made by the county executive committee.
> Two (2) supervisors may be chosen by any
> five (5) or one-fifth (1/5) of the can-
> didates, which ever is the lesser number,
> whose names appear upon the primary bal-
> lot, who, with the judges and clerks,
> shall take the oath required of such
> officers in general elections; such
> supervisors shall be paid by those re-
> questing the supervisors and they shall
> perform such duties as provided in the
> law for general elections."

Subdivision 6 of Art. 5.05, Texas Election Code, provides
in part as follows:

> "On the day of the election the
> jacket envelopes, containing the carrier
> envelopes which have been received to-
> gether with the applications for absen-
> tee ballots and accompanying papers,
> shall be delivered by the county clerk
> to a special canvassing board of three
> (3) or more members named by the authority
> which is authorized by law to name the
> presiding judges of that election.  The
> clerk shall deliver the envelopes to the
> canvassing board at such hour as the
> board shall direct, but not later than
> 1:00 p.m. . . ."

> ". . .

"At such time as the presiding judge
shall direct, the absentee ballot box
shall be opened. . .

"The special canvassing board shall
possess the same qualifications, be paid
the same wage, and be subject to the same
laws and penalties as regular election
judges. . . ."  / Emphasis added. /

Art. 13.22, Texas Election Code, provides in part:

"The same precautions required by law
to secure the purity of a ballot box in
general elections, in regard to ballot
boxes, locking the ballot boxes, sealing
the same, watchful care of them, . . .
shall be observed in all primary elec-
tions."  / Emphasis added. /

Thus we see that for each voting precinct, the presiding
judge is appointed by the County Chairman, with the approval
of a majority of the County Executive Committee.  The presiding
judge at each voting precinct then chooses his associate judge
and one or more clerks as allowed by the County Executive Com-
mittee.  If any supervisors selected by the candidates are
present, such supervisors take the same oath of office as the
judges and clerks, and are election officials also.

The special canvassing board for absentee ballots, is
composed of three or more members who are also appointed by the
County Chairman, with the approval of a majority of the County
Executive Committee.  All members of the special canvassing
board apparently are judges, and one of them is named the pre-
siding judge.  The special canvassing board, as a whole, shall
name the hour at which the absentee ballots are to be delivered
to them by the clerk, but not later than 1:00 p.m.

Without elaborating, it is sufficient to state that
there are duties imposed upon the presiding judge of the elec-
tion precinct, certain duties imposed upon all judges, and
upon all election officials, whether judges, clerks or super-
visors.  These duties are found throughout the Election Code.
This accounts, in part, for the number of election officials
appointed for each election precinct.  Other reasons for the
number of election officials may be found in Art. 13.22, supra.
By providing for the appointment of one official as presiding
judge, and permitting him to name his associate judge and
clerks, Art. 13.05; by requiring the presiding judge to draw
the supplies for the election, Art. 13.19; and to return the

ballot boxes to the clerk after the election is over, Art. 13.23; the Election Code placed the primary obligation on the presiding judge, and with such obligation goes the necessary power to manage the election at his voting precinct, not inconsistent with the law.

We find nothing in the Election Code which would provide for the number of judges and clerks to be on duty at the polling place at any one time on election day. It would appear to us that there should be on duty at any given time sufficient judges and clerks or judge and clerk to carry out the duties imposed by the Election Code. What this number is will vary from precinct to precinct, depending not only on the duties imposes on judges and clerks, respectively, but on the number of potential voters in any given precinct. No doubt the County Executive Committee takes this into consideration in deciding how many clerks to allot to each precinct. We know of one instance when two judges might be required to be present at the same time. Art. 8.13, Election Code, provides that where a voter is unable, due to bodily infirmity, to mark his own ballot, two judges shall assist him, after the judges have taken an oath to confine themselves to answering his questions, etc. There is another method whereby such a voter may vote, which does not require the assistance of two judges. But even in a case where the two judges must assist the voter, it does not seem to be any violation of the Election Code to ask the voter to wait a few minutes until one of the judges returns from lunch. In no case should both judges be absent at the same time. What we have just said applies to the situation from the time the polls open at 7:00 a.m. and until they close at 7:00 p.m. After the polls have closed, and counting and tabulating of votes is under way, and returns are to be prepared, all officials ought to be present to the fullest extent practicable, so as to not give any candidate any excuse to charge errors or irregularities due to insufficient personnel being present to carry out those duties.

In the case of the special canvassing board for absentee ballots, we feel that the situation presented in your letter would never have arisen, if the board had deferred its meeting until around 8:00 or 9:00 a.m. Then all members of the board would have had time to go to the polls to vote, before coming to the courthouse to sit as a canvassing board for absentee ballots. The board is not required to meet before 1:00 p.m. on election day. But, in any event, we do feel that it would not be prudent for any member of the board to absent himself, while the envelopes are being opened, votes challenged, votes counted, and returns made. The special canvassing board for absentee ballots is in a different situation from the judges

and clerks of the regular polling places. From the moment the special canvassing board convenes and receives the absentee ballots from the clerk, they are engaged in opening envelopes, hearing challenges, counting votes, and tabulating returns.

In the final analysis, the presiding judge of each voting precinct or of the special canvassing board for absentee ballots must make the decision as to whether or not circumstances affecting his precinct or the board, including the duties to be performed, the judges and clerks available, and the number of potential voters in the precinct, will make it possible for him to let the election officials at his precinct leave the polling place to eat or for any other necessary purpose. The presiding judge is the manager of the election at his precinct; he has the principal burden on his shoulders. All reasonable rules governing the election officials for that precinct which the presiding judge may issue, not inconsistent with law, ought to be followed by those he has named to assist him. If his rules are too oppressive for anyone to work with him, he may find himself in the predicament of trying to hold an election without any help.

## S U M M A R Y

The presiding judge at any voting precinct is the manager of the election at his precinct. There is nothing in the Election Code which would prevent the presiding judge from permitting judges and clerks at his election precinct to leave the polling place to eat or for other necessary purposes, so long as there are sufficient election personnel on duty to take care of the voters, and to give watchful care of the ballot boxes.

The special canvassing board for absentee ballots should set its time of convening not later than 1:00 p.m. so that the judges who are members of such board will have time to vote at their respective precincts before convening as a board.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Riley Eugene Fletcher

Riley Eugene Fletcher
Assistant

REF/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Joseph Trimble
Henry G. Braswell
Tom Hunter

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.